# Fishel *against* Fishel.

The appointment of a covenantor by the covenantee, to his executorship, is a release of the covenant, as well at law as in equity; but the testator may either expressly or impliedly reserve the duty, and make it the subject of bequest. In such case covenant will not lie, nor will any action lie against the executor, as such, to recover the legacy; but the duty may be enforced against the party originally bound, in an action of assumpsit, on a supposititious promise to perform the covenant or render the duty.

ERROR to the common pleas of *York* county.

Anna Maria Fishel against Henry King and Michael Fishel, executors of Henry Fishel deceased.

The declaration sets forth that Henry King and Michael Fishel, executors of the last will and testament of Henry Fishel, late of the

[Fishel v. Fishel.]

county, &c., were summoned to answer Anna Maria Fishel of a plea of trespass on the case, &c., and whereupon the said Anna Maria by her attorney, &c., complains, " that whereas, by a covenant or articles of agreement, made and executed and sealed with their seals the 20th day of April, A. D. 1807, wherein the testator aforesaid is party of the first part, and a certain Henry Fishel, Jun., is party of the second part, *inter alia*, for the consideration therein mentioned, it is covenanted and agreed by said Henry Fishel, Jun., that he will yearly and every year, during the natural lives of the said testator and his wife Anna Maria (the aforesaid plaintiff), provide and deliver the following articles to the said testator and wife : ten bushels of wheat, twenty bushels of rye, &c.; also to have liberty to live in the house where they now live, and to have a garden, one fat hog, &c. ; one horse and two cows, at pasture with Henry's [junior] cows and horses ; two tons of hay, and one ton of the second crop from the upper meadow ; two hogs to run with his, &c., and stabling for the whole of the creatures, and hay. Also fifty-one pounds of broken hemp, one barrel of good cider, and one ditto, water, &c. Also a sufficiency of fire-wood, cut into cord wood and hauled to the door ; and if the old people are not able to cut it fit for use, the said Henry shall do it for them, &c.; and to sow one quarter of an acre of flax along with his own, &c. The whole of the aforesaid articles to be delivered yearly and every year, in their proper season, during the natural lives of the said Henry, Sen. (the testator), and Anna Maria ; and in case of the death of either of the old people, the one half of all the aforesaid articles shall cease, &c., and the remaining half to be continued to the survivor ; and whereas by a covenant, &c., made, &c., the 1st day of February, A. D. 1812, wherein the said Henry Fishel, Sen., the testator aforesaid, is of the first part, and Henry King, aforesaid, of the second part, it is covenanted and agreed by said Henry King, that he will provide and deliver the articles for the said Henry Fishel, Sen. and his wife, and for the survivor of them, as the said Henry Fishel, Jun. covenanted and agreed to provide for and deliver the same by his covenants and agreements, with the exception that the said Henry King is permitted to pay 6 dollars in lieu of sowing one quarter of an acre of flax, if he choose. And whereas the said Henry Fishel, Sen., on the 12th day of January A. D. 1810, made and published his last will and testament, and afterwards died, and on the 17th day of June A. D. 1812 the said last will and testament was duly proved, &c., and the said testator in his will bequeathed, among other things, to his wife Anna Maria, as follows : 'I give and allow unto my beloved wife Anna Maria, all and singular the privileges, right and demands mentioned and expressed in a certain instrument of writing, or articles of agreement, made between me and my son Henry Fishel, Jun., agreeable to the tenor of said agreement, which said agreement bears date the 20th day of April one thousand eight hundred and seven ;' and the said Anna Maria avers that she is the legatee mentioned in the said will,

VII.—E

[Fishel v. Fishel.]

and that the said Henry King and Michael Fishel, the persons appointed executors in said will on the 17th day of June, and year 1812, &c., took upon themselves the burthen of the execution of said will, and became the executors thereof, and that afterwards, &c., received into their hands and possession, goods, chattels, rights and effects of the said Henry Fishel, the testator, &c., sufficient to pay the debts, funeral expenses, and ascertained pecuniary legacies given and bequeathed, &c., and also sufficient to enable them to pay, render and deliver annually to the said Anna Maria, the bequest or legacy made by said testator in, and by his said will and testament, according to the tenor thereof, by reason whereof they, the said Henry·King and Michael Fishel, became liable to pay, render or deliver to the said Anna Maria Fishel the said legacy or bequest, according to the tenor thereof; and being so liable, they, the said Henry King and Michael Fishel, in consideration thereof, on the 24th day of October, in the year of our Lord one thousand eight hundred and twenty-seven, at, &c., undertook and faithfully promised the said Anna Maria that they, &c., would well and faithfully pay, render or deliver to the said Anna Maria the said bequest or legacy, according to tenor thereof, when they should thereof be lawfully required. Nevertheless, the aforesaid Henry King and Michael Fishel, their promises and assumptions aforesaid not regarding, but contriving, &c., the said bequest, legacy or legacies have not paid, rendered or delivered (although the said Henry King and Michael Fishel to do the same by the said Anna Maria, to wit, the day and year last aforesaid, were required), but the same to pay, render or deliver, hitherto have refused, and still do refuse; to the damage of the said Anna Maria 200 dollars: and therefore, &c."

The plaintiff gave in evidence the agreement, will and inventory of the goods of the testator: and some parol evidence was given on both sides, not material to the points decided. The court below (Durkee, President) were clearly of opinion that the plaintiff was not entitled to recover, and thus instructed the jury:

"Though the defendants are named as executors, the suit is against them personally, while neither the facts set forth in the declaration or given in evidence, constitute a personal liability. In her declaration, the plaintiff alleges the promise to have been made on the 27th day of October 1827, without averring that any portion of her legacy was then due and unsatisfied. In her proof she has confined herself to a period much later than 1827. Indeed, it is admitted that all was settled and satisfied up to October 1829. As to an implied promise, then, there are no grounds to support one.

"It is unnecessary to say whether the facts relied on are sufficient to support an express promise, for none was pretended, or attempted to be proved."

*Anderson*, for plaintiff in error, cited, 1 *Chit. Pl.* 308; 2 *Rawle*

290; 8 *Serg. & Rawle* 32; 9 *Serg. & Rawle* 208; 2 *Rawle* 300; 6 *Watts* 42; 2 *Halst.* 414; 7 *Bac. Ab.* 354; 1 *Roper on Leg.* 241.

*Mayer*, for defendant in error, cited, 5 *Watts* 69.

The opinion of the Court was delivered by

GIBSON, C. J.—As the effect of the will is to preserve, and not to create a responsibility under the covenant, an action for the articles to be furnished cannot be maintained as for a legacy, and consequently not to charge the defendants in a representative capacity. The testator had power to release the covenant; and, but for his testamentary reservation of it, his appointment of the covenantor to the executorship, would have released it in equity and at law.   An action is maintainable on a covenant or an obligation, not, as on a parol promise, by the party to be benefited, but by the party to the deed, who may also release it; and the suspension of the right of action by concurrence of the character of plaintiff and defendant, induced by the creditor and not by the law, is a legal extinction of it.   For either of these reasons an action on the covenant would be impracticable here.   But a covenant thus extinguished at law, subsists in equity for the benefit of creditors; and also, where the testator so wills it, for the benefit of residuary legatees and the next of kin.   In behalf of the latter, preservation of the cause of action is matter of intention: in behalf of the former, it is matter of right, and paramount to intention.   As a party is presumed to know the consequences of his acts, the testamentary destruction of a remedy is ordinarily considered to be a gift of the duty; but as equity suffers not a debtor to elude his creditors by a gift of his property, an executor may not screen himself by a voluntary release from accounting to them for it.   And as a testator has an arbitrary control over the direction of his bounty, he may expressly or implicitly preclude the inference of a gift, even where creditors are not to be affected.   Now the legitimate office of this will is to preclude such an inference, by the clause which directs that the widow enjoy the rights and privileges previously reserved for her; and equity will enforce it.   But how?   By bill and decree when operating by its ordinary and legitimate process; and by action and judgment when restricted to the process of the common law: in either way, however, not against the executors, who are irresponsible, as such, but against the party originally bound.   The joinder of another in a bill would be matter of pleading or cause of demurrer, and an action, as a means to the same end, must be betwixt the same parties.   To prevent a failure of justice, we have sustained an action in similar cases; and as an instrument of equity, assumpsit on a supposititious promise to perform the covenant or render the duty, is not only as effective, but as congruous as any other that could be employed.   That form of action has been selected here, but used against a person not burthened with the covenant; and for that reason the direction to find against the plaintiff was entirely proper.   There

[Fishel v. Fishel.]

was no legacy, pecuniary or specific, to create a joint liability; and there could be no question of ademption. The action is against the defendants, not in a representative character, but to enforce the covenant of one of them; and the direction was, in all minor respects, substantially right.

Judgment affirmed.